■ In the Matter of MELVIN WOLINSKY, as Conservator of the Property of SADIE BACHMAN, Conservatee, Respondent. NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant. — In a proceeding for judicial settlement and approval of the final account of a conservator, the appeal is from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated October 5, 1982, as discharged the conservator and directed the appellant to pay to College Nursing Home, or such other nursing home to which the conservatee may be transferred in the future, the monthly payments due the conservatee under its retirement system. ¶ Order reversed insofar as appealed from, on the law, without costs or disbursements, and the 12th and 14th decretal paragraphs are deleted. ¶ The jurisdiction of the Supreme Court over the affairs of an incompetent person must be exercised by means of a committee (see *Matter of McGuinness,* 290 NY 117; *Matter of Arnold,* 26 Misc 2d 298; *Matter of Levine,* 22 Misc 2d 166). Since a conservator performs essentially the same function as a committee, but with respect to a person who has not been adjudicated to be incompetent, the court operates under the same restriction. Accordingly, Special Term was without authority, as long as the conservatee was receiving regular monthly income, to discharge the conservator and direct that payments be made directly to a nursing home. Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO ANDERSON, Appellant. — Judgment of the Supreme Court, Kings County (Lombardo, J.), rendered September 9, 1982, affirmed. ¶ The issues raised by defendant have not been preserved for appellate review as a matter of law and we decline to exercise our interest of justice jurisdiction (see *People v Pellegrino,* 60 NY2d 636). Titone, J. P., Mangano, Thompson and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BROWN, Appellant. — Upon appeal by permission, two orders of the Supreme Court, Kings County, dated October 18, 1982 (Rader, J.), and February 10, 1983 (Krausman, J.), respectively, affirmed. ¶ Most of the issues raised by defendant were previously considered and rejected on direct appeal from the judgment of conviction rendered July 25, 1977. The other issues are either unpreserved or without merit. Titone, J. P., Mangano, Thompson and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARRIE L. CHANDLER, Also Known as CARRIE P. WHITE, Also Known as EJIMA MACNIKO, Appellant. — Judgment of the Supreme Court, Richmond County (Owens, J.), rendered April 7, 1981, affirmed. ¶ The errors defendant complains of are either unpreserved for review as a matter of law or are without merit. Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY DAVIS, Appellant. — Judgment of the County Court, Nassau County (Lawrence, J.), rendered January 14, 1983, affirmed. (See *People v Singleton,* 41 NY2d 402.) Titone, J. P., Mangano, Thompson and Brown, JJ., concur.